## Louis Eagle *v.* Caroline Swayze.

A landlord who negligently suffers a chimney upon the demised premises, to remain in such a ruinous condition, that, by its fall, it causes injury to his tenant's property, is liable in damages.

An action for damages for negligence in the management of her separate estate, may be maintained against a married woman, without joining her husband.

There being no issue as to title to land under the pleadings, and the only evidence on the trial, as to title, being an admission of ownership by the defendant: *Held*, that no question of title was raised.

Appeal by the defendant from a judgment of the Third District Court.

The action was brought to recover damages sustained by the plaintiff by reason of the defendant's negligence in the management of her property. The answer alleged that the defendant was a married woman, and set up a general denial. It appeared on the trial that the plaintiff had occupied the basement of No. 148 Varick street, for years, as the tenant of the defendant; that defendant had admitted to him that she was the owner of the premises, and that her husband had nothing to do with it, that the chimney was out of repair, and that he had called the defendant's attention to its ruinous condition, and she had promised to have it repaired. Some time afterward the chimney fell down and injured the plaintiff's stove and furniture, for which injuries he brought the action. Judgment was rendered for the plaintiff, and the defendant appealed therefrom.

*M. V. B. Wilcoxson*, for appellant, on the question of the personal liability of a married woman for negligence, cited *Chapman* v. *Leman*, (11 How. Pr. 235); *Potter* v. *Deyo*, (19 Wend. 364); *Tift* v. *Tift*, (4 Den. 178); *Sheldon* v. *Quinlan*, (5 Hill, 441); 2 Kent's Comm. 168.

BY THE COURT.—DALY, F. J.—A tenant from year to year, renting part of a dwelling house, the residue of which is occupied by other tenants, is under no obligation to make repairs of so general, substantial, and lasting a nature, as the rebuilding of a chimney which has fallen down (*Johnson* v. *Dixon*, 1 Daly, 178; *Horsefall* v. *Mather*, Holt's N. P. C. 7; *Godfrey* v. *Watson*, 3 Atk. 517, 518; *Taylor's Landlord & Tenant*, § 343, 5th ed). In the absence of an express agreement on the part of the tenant to do so, it is the duty of the landlord to repair an injury to the building of this description, and if he negligently suffers one of the chimneys to remain in so defective a state that it tumbles down, causing loss and injury to the tenant, he is answerable to the tenant for the consequences.

There is nothing in the objection that the defendant's husband should have been joined with her as a codefendant. Though the action sounded in tort, the cause of action was the

defendant's want of care and neglect in the management of her separate property. It was, therefore, a matter having relation to her separate property, and where such is the case, a married woman may now, by statute, be sued in the same manner as if she were a *feme sole* (Laws of New York, 1860, p. 158, § 7).

There was no evidence in the case, showing that the plaintiff was guilty of any negligence, which co-operated in producing the injury to his property, caused by the fall of the chimney.

No question of title arose upon the pleadings; and simply proving, at the trial, that the defendant had admitted that she was the owner of the property, and that her husband had nothing to do with it, which ownership she did not upon the trial dispute, raised no question as to the title (*Longhurst v. The New York & New Haven Railroad Co.* N. Y. Com. Pls. G. T. 1853).

No objection was taken upon the trial to the competency of the witnesses to testify in respect to the value of the property, or the extent of the damages done to it, and such an objection is not available now. The judgment should be affirmed.