FOURTH DEPARTMENT, APRIL TERM, 1885.

FANNY SPELLMAN, APPELLANT, v. PATRICK BANNI-
GAN, RESPONDENT.

*Landlord — when he is not liable to a tenant for personal injuries sustained
because of defects in the demised premises.*

The plaintiff hired a house from the defendant for a year, the defendant agreeing
to put and keep it in good repair. There was a stairs leading from the first
floor to the cellar. The plaintiff used this frequently, from the time she took
possession of the house in May until October, when, as she was coming up from
the cellar, the stairs fell and the plaintiff sustained injuries, to recover dam-
ages for which this action was brought. It was not shown that the defendant
knew of any defect in the stairs, or that he had been requested to make any
repairs to them.

*Held*, that the action could not be maintained upon the ground of negligence or
breach of covenant to repair.

APPEAL from a judgment in favor of the defendant, entered upon
the report of a referee. The action was brought to recover dam-
ages for injuries sustained by the plaintiff by the falling of a stair-
case, leading from the cellar to the first floor, in a building rented
by her from the defendant.

*S. M. Lindsley*, for the appellant.

*William Kernan* and *William P. Quin*, for the respondent.

BOARDMAN, J.:

The facts are distinctly stated in the report of the referee. At
the close of the plaintiff's evidence she was nonsuited. The grounds
upon which the motion for a nonsuit was made, appear in the case
as settled, and it was granted upon the ground that a cause of action
had not been shown by plaintiff against the defendant. It had not
been shown that defendant was the owner of the premises, or that
he knew of any defect in the stairs, which fell under the plaintiff,
or that he had specifically promised to repair, fasten or do anything
to such stairs, or that he had been requested to do so, or that plain-
tiff after using said stairs daily from May till October, had any
knowledge of any defect therein.

The complaint sets out the leasing of the premises by defendant
to plaintiff for one year at eighteen dollars per month, and the

agreement by defendant to put the house in good repair and keep it so during the term. It also charges that defendant had knowledge of the defect in the stairs but refused to repair the same, although requested to do so. It also alleges that such defect existed at the time when the lease was made, to defendant's knowledge, and yet he asserted said stairs were in a safe condition. There is a further charge in the complaint to the effect that defendant knew of the defect and yet represented the stairs to be sound and safe; that plaintiff believed the same and used the stairs, relying on such statements of defendant, and that by reason of the negligence and wrong of the defendant she was injured by the falling of the steps. The answer contains a general denial, except of plaintiff's possession of the premises.

It is not quite clear whether the cause of action is founded on the breach of contract to repair and put in good condition, or for the negligence and wrong of defendant in putting the plaintiff in the possession of premises while in a dangerous condition, whereby she fell and was injured. If the action be for negligence it cannot be maintained, because there is no evidence that the defendant built the stairway and then left it in a dangerous condition, nor is there any evidence that defendant knew of the dangerous condition of the stairs, or could have acquired such knowledge in the ordinary and prudent conduct of his business. Unless he knew the stairs were unsafe to use, or from the facts and circumstances in the exercise of ordinary care and prudence he should have known of their dangerous condition, the defendant cannot be made liable as for a tort. (Wood's Land. and Ten., p. 620; *Henkel* v. *Murr*, 31 Hun, 28.)

Can he be made liable for plaintiff's injuries in an action for a breach of contract to put in repair? The case *Flynn* v. *Hatton* (43 How., 333, 348, 351) is directly in point, holding that no such liability arises out of the contract to lease and to repair. The contract to put or keep in repair does not contemplate personal injuries which may follow a breach of the contract and indirectly or remotely grow out of it. (Sedg. on Dam. [4th ed.], 216.) Such damages are accidental and remote. Nor would a landlord be liable to his tenant for a breach of his contract to repair unless he had notice of the necessity for such repair, and then only after a reasonable time for him to make such repair.

(Wood's Land. and Ten., §§ 377, 379; Moak's Van Sant. Pl. [3d ed.], 364; *Jaffe* v. *Harteau*, 56 N. Y., 398.) It would be a very harsh rule to hold a landlord responsible for personal injuries to his tenants by reason of some hidden defect in the building rented, of which neither the landlord nor the tenant had any notice or suspicion, and of which the tenant had far the best means of knowledge. In the present case repairs were made in pursuance of the contract proved. If the condition of this stairway had been brought to the notice of the defendant, it would doubtless have been made safe by a few nails or otherwise. But we can see no just principle upon which the defendant can be made liable for an accident occurring by no fault of his and for reasons equally unknown to both parties.

Many of the cases and authorities cited by the plaintiff show a knowledge in the landlord of the dangerous defect, a neglect after such notice to repair and a contract to repair. Such are the facts in Wood on Landlord and Tenant (p. 620); *Scott* v. *Simons* (54 N. H., 426); *Eagle* v. *Swayze* (2 Daly, 140); *Johnson* v. *Dixon* 1 id., 178); *Cesar* v. *Karutz* (60 N. Y., 229); *Minor* v. *Sharon* (112 Mass., 477). Most of them are actions of tort for the negligence of the landlord in leaving a dangerous thing or place in his building known, or that should have been known, to him to be dangerous and unknown to his tenant, by reason whereof the tenants or third persons were injured. They are very different from the present case. The law applicable is entirely different from that which would arise upon breach of a contract for repairs.

We think the judgment is right and should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.