By the Court.—Freedman, J.
The complaint, as amended at the trial, showed the existence of the relation of landlord and tenant between the parties. The defendant, as the landlord of the plaintiff, was sought to be held liable in damages sustained by the plaintiff in consequence of the bursting of a water pipe. The bursting of the pipe was charged to have been- the result of defendant’s neglect to keep the plumbing in repair. The complaint as amended was dismissed on the ground that it failed to set forth facts to constitute a cause of action.
There is no implied warranty nor obligation on the part of a landlord that the demised premises are in a safe condition for any apparently intended use, or that *408 they will not become unsafe. Jaffe v. Harteau, 56 N. Y. 398; Kabus v. Frost, 50 N. Y. Superior Ct. 72.
The obligation of a landlord in any case to repair or rebuild demised premises, rests solely on express covenant or undertaking. Without an express covenant to that effect by the landlord, he is neither bound to repair the demised premises himself nor to pay for repairs made by the tenant. Witty v. Matthews, 52 N. Y. 512.
It is claimed, however, that a different rule applies to the case at bar because the plaintiff occupied only the lower part of the building, viz. : the store floor, cellar and sub-cellar.
There is, it is true, a line of cases in which a liability was imposed upon the landlord, but they are cases which involved in some form or other a negligent use by the landlord of the parts of the premises retained by him, or the commission by him of some affirmative negligent act which was the direct cause of the injury.
Thus, in Stapenhorst v. The American Manufacturing Co., 36 Super. Ct. 392, the defendant so negligently carried on its business in the upper parts of the building as to allow oil and particles of iron to leak through its premises into plaintiff’s mustard mills below.
In Worthington v. Parker, 11 Daly, 545, the defendant, having undertaken, during the term of the lease, to change the place of the pipes which conducted the water from the roof of the building and to provide and put up new pipes for that purpose, did it so negligently as to cause damage.
These cases do not help the plaintiff. Nor can he derive any support from the case of The Westside Savings Bank v. Newton, 8 Daly, 332, upon which he so much relies. In that case the defendant was sued as a surety upon a lease. The tenant occupied the upper, and the landlord the lower part of the premises which were supplied with Croton water. The lease expressly provided that the tenant should not be held liable for any repairs except as therein provided, and no provision was made *409 calling upon him to keep the water pipes in repair. In consequence of the occurrence of a leak in the said pipes and the tenant’s refusal to repair, the landlord cut off the entire supply of Croton water, and the tenant vacated the premises. Upon these facts it was held that the use' of the Croton water amounted to an easement which constituted part of the demised premises; that having deprived the tenant of the use of the wafer, it was not just that the tenant or the surety should pay rent beyond the time that the tenant actually occupied the premises, and it was in this connection that it was said, that under the circumstances of the case it was the duty of the landlord to keep the water pipes in repair. This meant, if he wanted the aid of the court in the collection of the rent. It was a case altogether different from one in which the tenant invokes the aid of the court to recover damages.
The claim that where a tenant occupies only part of a building, and another part not occupied by him which serves as a protection to his premises gets out of repair, there is an implied covenant that such protection shall continue, and that in such case the landlord is bound to repair, has been expressly overruled by the Court of Appeals in Doupe v. Genin, 45 N. Y. 119. In that case the roof and the upper story had been partially destroyed by fire and yet it was held that the tenant could not maintain an action for damages against the landlord for injuries sustained in consequence of the landlord’s failure to repair or the unnecessary length of time consumed in making the repairs, first, because in the absence of a covenant to repair bhe landlord was not bound to repair at all, and secondly, because the maxim “sic utere tuo, etc.” applies only to acts done on the landlord’s premises, or to his negligence in the process of making the repairs, or to any use made by the landlord of his own part of the premises, or to injury caused by any structure in that part of the premises. This decision has never been taken back or modified, and it *410 constitutes the law of the state of New York at the present time.
If all the facts fully appeared, I believe that Eagle v. Swayze, 2 Daly, 140, and Bold v. O’Brien, 17 Weekly Digest, 466, could be readily distinguished. But in any event Doupe v. Genin must control so far as it can be applied.
In Vann v. Rouse, 94 N. Y. 401, no question was raised upon the pleadings, and no objection was made upon the trial, as to the liability of the landlord for damages caused by defective water pipes upon the parts of the premises under his control after notice and neglect to repair.
The reason for the stringency of the rule is that every contract of hiring is presumed to have been made upon the premises and after inspection by the tenant, and that whatever right the tenant omits to secure for himself, is his own fault. As to matters not readily ascertainable by inspection, he should protect himself by an express covenant. The only warranty which is implied against the landlord, is one for quiet enjoyment, and this means only that the tenant shall not be evicted by a paramount title.
If the landlord, in the absence of a covenant, is ever liable because he leased unsafe premises, it is because he knew them to be unsafe for the use for which they were let, or was guilty of a fraud. Jaffe v. Harteau, 56 N. Y. 398 ; Edwards v. N. Y. & Harlem R. R. Co., 98 N. Y. 245.
The law being as stated, the plaintiff’s complaint was properly dismissed. The plaintiff at the trial obtained leave to amend, and did amend, his complaint. The presumption is that he then made as favorable a showing as he could. But the amended complaint still failed to show facts upon which the defendant’s liability could be based. A mere alleged neglect to repair, in the absence of facts which showed a duty to repair, did not constitute a cause of action, and a bare allegation *411 “ that it was the duty of the landlord to maintain the water pipes and plumbing in good order ” was but the statement of a conclusion of law without any fact to substantiate it. The complaint, as amended, did not even show whether the bursting of the pipe occurred on or outside of the premises occupied by the plaintiff. For all that appeared the occurrence might have taken place on the premises occupied by the plaintiff and in consequence of an improper use made by the plaintiff. Nor was there any allegation that the plaintiff had hired the premises occupied by him for a particular purpose, and that the defendant when he leased them to the plaintiff knew they were unsafe for the use for which he let the plaintiff have them, or was guilty of any fraud.
The judgment should be affirmed with costs.
0’Gorman, J., concurred.