### O. J. GUDE CO. v. FARLEY.

(Supreme Court, Appellate Term.    June 28, 1899.)

1. LANDLORD AND TENANT—SUBLETTING.
    Under a lease of a three-story building, with the right to sublet the second and third floors, the lessee cannot sublet the roof.

2. SAME.
    A lessee of a three-story building, who used the lower floor for a liquor store and who sublet the upper floors as tenements, has no right to sublet or to license the use of the roof for advertising purposes, and the erection thereon of a 10x56 foot sign, constructed of wood and iron, which might become a serious nuisance, and subject the owner of the premises to litigation.

Appeal from municipal court, borough of Manhattan, First district.
Action by the O. J. Gude Company against Thomas M. Farley. From a judgment for plaintiff, defendant appeals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Alexander McKinny, for appellant.
Mayer & Gilbert, for respondent.

MacLEAN, J.    The action is in the nature of trespass to recover damages to personal property.    The testimony and exhibits in another action between the same parties for conversion have been stipulated to be the record in this case.    The facts are as follows:    On March 27, 1897, one James McEnery, who was the owner of the premises situated at the corner of Myrtle avenue and Bridge street, Brook-

lyn, demised the entire building, with the appurtenances, to one Daniel McMenamey, for the term of one year from the 1st day of May, 1897, with the privilege of renewal, upon certain conditions, by a lease containing the following clause:

"And the said party of the second part further covenants that he will not assign this lease, or let or underlet the whole or any part of the said premises, except the second and third floors thereof, nor make any alterations therein, without the written consent of said party of the first part, under the penalty of forfeiture and damages."

The lessee further undertook to "maintain and keep the said premises in good repair, order, and condition during the term of this lease, at his own cost and expense." On December 4, 1897, McMenamey and the plaintiff company made a written contract, the material portion of which is as follows:

### "Brooklyn Lease.

"The O. J. Gude Company. Lease No. 1,867. Bulletin Department, Brooklyn, Dec. 4, 1897. In consideration of $37.50, six months payment of $75, payable 6 mos. in advance, to me in hand paid this 4th day of Dec., 1897, the receipt whereof is hereby acknowledged, I do grant and lease to the O. J. Gude Co. the roof of building located at No. —— Myrtle Ave., corner Bridge street, Brooklyn, of which I am the present lessee, with the right of placing, painting, erecting, and maintaining any and all advertising signs on said property as aforesaid, the said lease to continue for 5 years from the 1st day of January, 1898, with option of renewal for the same period at the same rate. It is further agreed that if for any cause whatsoever, not due to the direct action of the O. J. Gude Co., said sign or signs are obscured or destroyed, will return to the O. J. Gude Company pro rata rental for unexpired term. The receipt of this payment gives to the O. J. Gude Company the sole and exclusive right to paint, place, and maintain advertisements on —— so let as aforesaid.
"(Over.)
　　"[Signed]　　　　　　　　　　　　　　　　Daniel McMenamey."

This is indorsed:

"Remarks: We also agree to keep said roof in repair."

The instrument was drawn by filling in a blank evidently prepared by the Gude Company. The plaintiff erected upon the roof a sign constructed of wood and iron, 10 feet high and 56 feet long. On December 31, 1897, McEnery conveyed the premises in question to Mr. Farley, the defendant, who ordered the plaintiff to take the sign down, and who, on its refusal, took down the sign, and notified the plaintiff that it was held subject to its order. An action was then brought against the defendant for conversion of the sign. The justice before whom the case came held that "conversion" had not been proven. This view was sustained on appeal. 54 N. Y. Supp. 998. The present action is brought, as conceded by both parties, who are agreed upon the facts, to determine whether Farley's act was a trespass. It was determined so to be by the municipal court. The building was of three stories. The first was used as a liquor store by McMenamey, and the second and third floors sublet by him as tenements. The respondent asks the court to hold that there was nothing in McMenamey's lease to prevent him from subletting the roof, which "is a part of the third story"; while the contention of the ap-

pellant is that the right of McMenamey to sublet was limited to the second and third floors, and did not include the roof.

The purpose of the roof of a building is primarily to shelter it and all of its occupants, and the tenant of the top floor has no better title to the roof or better right to its use, for any other purpose than shelter, than has the tenant of any other floor, and his right to use the roof over him is like his right to use the supporting walls of the foundation,—one that is necessary and essential to the safety and quiet enjoyment of his apartments under the roof in the usual manner,—and any extension of that right must be by agreement with, or license from, the owner. It is clear, therefore, that McMenamey had no right to sublease the roof of the building, as his subletting was, by the terms of his own lease, restricted to "the second and third floors." In the event that the court come to the conclusion that the tenant did not have the power to sublet the roof, then the respondent "asks the court to hold that the Gude Company agreement was not a subletting, but was merely a license, and, this being true, the plaintiff had the right to maintain the sign in question." For this counsel chiefly relies upon Reynolds v. Van Beuren, 155 N. Y. 120, 49 N. E. 763, which action was brought to recover from the defendants therein, also advertising agents, for an injury sustained through the falling upon a passer-by of a sign from the roof, and wherein a paper, similar in most of its terms to the contract recited above, was considered and called a license. In arriving at that conclusion, however, the learned court apparently resorted for a test, to determine whether the instrument were a lease or a license, to ascertaining the intention of the parties as inferable from evidence outside of the paper; for it is pointed out in the opinion in that case that the advertising company acquired only the right or privilege of using a sign already upon the building, which sign it did not own, and had no right to remove, and which was a fixture and part of the realty; and, furthermore, that the stipulation therein did not apply to the whole roof, but only to that part of it that the defendants had to use when placing bills upon the sign,—that is, the part "in front of and rear of advertising privilege from coping to scuttle hole." The differences in the contract construed by the court of appeals and the instrument now under consideration, in the circumstances indicating the intention of the parties to them severally, and in the use of the respective premises, are so great as not to render that case an authority against holding that the Gude Company agreement was what that company called it,—a lease, granting the possession of certain real property for a determinate period,—rather than simply a license or permit to do a particular act or series of acts. It is, however, unnecessary herein to decide whether the agreement created a tenant or a license. McMenamey, in and by that agreement, assumed to confer, and the Gude Company thereunder assumed to exercise, rights which McMenamey himself did not have; in effect, to put the roof to a use not contemplated in the lease to McMenamey himself; to use the roof, not for purposes of shelter, but for hire to strangers to the premises; and to make alterations thereon by erecting upon the realty a fixture of the magnitude of the plaintiff's signboard, which, as shown by

the course of the very case mentioned above, both before and since the decision relied upon by the respondent, might become a serious nuisance, and subject the owner of the premises to expensive litigation, involving claims for damages exceeding the entire value of his property. By making such an alteration himself, McMenamey would have incurred forfeiture of his lease and damages. He could put his lessee or licensee in no better position than himself. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.