## MATTHEW MACNAIR *vs.* CHARLES C. AMES.

### MARCH 4, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Landlord and Tenant.   Right to use of Roof.*

Lessor leased to complainant "store numbered 322 Weybosset Street and basement in front portion of building numbered 322, 324 and 326 Weybosset Street."   Premises at No. 322 were composed of a basement story and a story on ground floor, and there were four other tenants in other parts of the building:—

*Held,* that lessee was entitled to no more than the lease described, and could not complain of a license granted by lessor for the use of the roof, where it did not appear that the structure to be erected thereon either endangered or interfered with lessee's use of the "store and basement."

BILL IN EQUITY for injunction.   Heard on appeal of complainant from decree of Superior Court dismissing bill, and affirmed.

BLODGETT, J.   The complainant, as lessee of a certain store and basement in the city of Providence, seeks to enjoin the erection of a billboard upon the roof of the building by the respondent, who justifies his action by a license from the complainant's lessor.

From a decree dismissing the bill the complainant has appealed to this court.

It is not disputed that on December 1, 1905, the Lederer Realty Corporation, the owner of the building, executed a lease to the complainant under which he had been in possession for a period of two years, the description of the premises therein being as follows: "The store numbered 322 Weybosset Street, and the basement as per annexed drawing, in the front portion of the building numbered 322, 324 and 326 Weybosset Street, in the said city, now occupied and used by said Lessee as a florist and for no other purpose. This drawing represents the said basement only; said store No. 322 is next above the basement and occupies only a small part of the area represented in the drawing."

The question presented is whether this lease gives such a right to the roof of the building to the complainant as to entitle him to the relief for which he prays.

It appears from the evidence that the complainant's store is situated in that portion of the building in question known as 322 Weybosset street, and that his basement extends under the premises of 324 and 326 Weybosset street; that between the ceiling of his store and the roof of No. 322 there is an air space of about four feet in which there is an opening for an air shaft and skylight, and that the premises at No. 322 are composed of a basement story and a story on the ground floor of the building.

(1) It is to be observed that the lease does not purport to let the entire building, but only "the store numbered 322 Weybosset Street and the basement as per annexed drawing *in the front portion* of the building number 322, 324 and 326 Weybosset Street." And it is conceded that there are four other tenants in other parts of the building, one of them occupying the basement only. The lease also contains the following covenants: "And the said Lessee also covenants and agrees not to lease or underlet, nor permit any other person or persons to occupy, or improve, or make, or suffer to be made, any alteration in the premises hereby leased, without the written consent of said Lessor having first been obtained, and that the said Lessor may enter to view and make improvements in said premises as may be necessary or expedient. And

the Lessor agrees to keep the exterior of the premises in good repair."

The lessor unquestionably has the right to enter to make improvements as also the right of access to the roof to make repairs, and the lessee has agreed that he will not "make, or suffer to be made, any alteration in the premises without the written consent of the Lessor." Doubtless it would have been competent for the parties to have contracted specifically that the complainant lessee should have control of the roof, but the lease is silent on that point, and we can not say that the lessee of a part only of this business block is entitled to more than the lease describes—that is to say, the "store and basement" in the building as distinct from the land on which it stands and as distinct also from the entire building. *McMillan* v. *Solomon*, 42 Ala. 356.

In *Shipley* v. *Fifty Associates*, 101 Mass. 251, 254, it is said that "The defendants had leased to one tenant, for the term of five years from July 20, 1865, the lower floor and cellar, reserving a scuttleway. There is nothing in this lease that transfers any right to use or control the roof," affirmed in *Same* v. *Same*, 106 Mass. 194, 200. And see *Looney* v. *McLean*, 129 Mass. 33, 35; *Inhabitants of Milford* v. *Holbrook*, 9 Allen, 17–22.

In *O. J. Gude Co.* v. *Farley*, 28 Misc. (N.Y.), 184, 186, the case is thus stated by the court: "The building was of three stories; the first was used as a liquor store by McMenamey," (the tenant) "and the second and third floors sublet by him as tenements. The respondent asks the court to hold that there was nothing in McMenamey's lease to prevent him from subletting the roof which 'is a part of third story,' while the contention of the appellant is that the right of McMenamey to sublet was limited to the second and third floors and did not include the roof." The decision of the court is as follows: "The purpose of the roof of a building is primarily to shelter it and all of its occupants, and the tenant of the top floor has no better title to the roof or better right to use it for any other purpose than shelter than has the tenant of any other floor, and his right to use the roof over him is like his right to use the

supporting walls of the foundation, one that is necessary and essential to the safety and quiet enjoyment of his apartments under the roof in the usual manner, and any extension of that right must be by agreement with or license from the owner. It is clear, therefore, that McMenamey had no right to sublease the roof of the building, as his subletting was by the terms of his own lease restricted to 'the second and third floors.' "

No claim is made in the bill that the respondent is about to erect a structure which is beyond the strength of the roof to support or in any wise endangers or interferes with the use of the "store and basement" of the complainant. Doubtless such action would be a breach of the covenant for quiet enjoyment contained in the lease, if not also presenting a case for equitable relief.

And it is well settled that in the event of the destruction of the building by fire, the lease of the basement in question would confer no right to the lessee to the land on which it was built for the remainder of the term. *Shawmut Natl. Bank* v. *Boston*, 118 Mass. 125; *Stockwell* v. *Hunter*, 11 Met. 448; *Winton* v. *Cornish*, 5 Ohio, 477; *Kerr* v. *Merchant's Exchange Co.*, 3 Edwards Ch. 315; *Harrington* v. *Watson*, 11 Or. 143; *Womack* v. *McQuarry*, 28 Ind. 103; *Graves* v. *Berdan*, 26 N. Y. 498.

We do not see that the action of the respondent relative to the flag-pole in question is ground for an injunction, and our conclusion, therefore, is that the lessee has not presented a case which entitles him to the relief which he seeks, and that the decree of the Superior Court dismissing the bill must be affirmed. Cause remanded to the Superior Court for further proceedings.

*Dubois & Dubois*, for complainant.
*Doran & Flanagan*, for respondent.