CLAYTON D. BROWN CO. v. O'CONNOR et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1912.)

1. LANDLORD AND TENANT (§ 76*)—RIGHT TO ASSIGN OR SUBLET.

Where a lease provided that the premises should be used for mercantile purposes and not otherwise, and that the lessee should not assign or underlet the premises or any part thereof, without the consent of the lessor in writing, the lessee had no right without the consent of the lessor to permit a third person to place signboards on the roof, especially as Rev. St. 1895, art. 3250, expressly provides that lessees shall not rent or lease the leased premises during the term to any other person without the consent of the landlord, his agent or attorney.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 225–230; Dec. Dig. § 76.*]

2. LANDLORD AND TENANT (§ 123*)—EXTENT OF PREMISES LEASED.

Where an owner of a one-story building containing several rooms leases them to different tenants, each lessee has merely an easement in the roof for the purpose of protection from the weather and has no control over it.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 435, 436; Dec. Dig. § 123.*]

3. LANDLORD AND TENANT (§ 76*)—RENT— PAYMENT—OPERATION AND EFFECT.

An owner of a one-story building containing several rooms, who leased them to different tenants, was not estopped by the acceptance of the rent from compelling a removal of signboards erected on the roof by a third person with the consent of the lessees; such consent not being a subletting, but an attempt to rent the property of another without authority.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 225–230; Dec. Dig. § 76.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Clayton D. Brown Company against J. C. O'Connor and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Alex F. Weisberg and Spence, Knight, Baker & Harris, all of Dallas, for appellant. Cockrell, Gray, Thomas & McBride, of Dallas, for appellees.

FLY, C. J. This is a suit instituted by appellant to restrain appellees from injuring or destroying any signboards erected and maintained by appellant on the roof of a building owned by J. C. O'Connor. It appears from the pleading that J. C. O'Connor owns a certain one-story building in Dallas, Tex., which is divided into several stores, the stores being occupied by different lessees, and appellant, which is in the business of advertising through the medium of signboards, obtained from such lessees permission to place such signs on the roof of J. C. O'Connor's building. The owner, through his agents, objected to such use of his building, and appellant sought to enjoin the owner and his agents from interfering with the signs. A temporary writ of injunction was granted, but was dissolved upon motion of appellees, after a full hearing on the facts.

The facts show that J. C. O'Connor owned the house in question, which is divided into several storehouses occupied by tenants. In the lease to each tenant it was provided that the storehouse should be used "for mercantile purposes and not otherwise." The following provision was also embodied in each lease: "That the lessee shall not assign this agreement or underlet the premises, or any part thereof, or make any alterations in the building or premises, without the consent of the lessor in writing, or occupy or permit or suffer the same to be occupied for any business or purpose deemed extra hazardous on account of fire." The tenants, or a portion of them, it may be assumed from the facts, undertook to lease the roof to appellant to be used for signboards. The owner was not a party to such agreement with appellant, but protested against the roof being used by appellant. Appellant placed signboards on the roof, and the owner's agents were threatening to take them down. Appellees accepted rent from the lessees after the signboards had been placed on the roof, but constantly protested against their presence on the roof and told the tenants they must be taken down.

[1, 2] Under the terms of the contract, as well as under the law, the tenants had no authority to rent any portion of the building without the consent, in writing, of the owner. Article 3250, Rev. Stats. No such consent was obtained, and we might rest our decision on the contract, but we go further and hold that the tenants did not control the roof. The house, in this instance, included several rooms, each of which was leased to a different tenant, and such leasing certainly did not include the roof. It was a one-story building, and each lessee had merely an easement in the roof for the purpose of protection from the weather. McNair v. Ames, 29 R. I. 45, 68 Atl. 950, 16 Ann. Cas. 1208; Payne v. Irvin, 144 Ill. 482, 33 N. E. 756; Krueger v. Ferrant, 29 Minn. 385, 13 N. W. 158, 43 Am. Rep. 223; Hanley v. Banks, 6 Okl. 79, 51 Pac. 664; Shipley v. Fifty Associates, 101 Mass. 251, 3 Am. Rep. 346.

In the cited case of McNair v. Ames, in the Supreme Court of Rhode Island, the cases on the subject are reviewed and the following quotation is made and approved from the case of Gude Co. v. Farley, 28 Misc. Rep. 184, 58 N. Y. Supp. 1036: "The purpose of the roof of a building is primarily to shelter it and all of its occupants, and the tenant of the top floor has no better title to the roof or better right to use it for any other purpose than shelter than has the tenant of any other floor, and his right to use the roof over him is like his right to use the supporting walls of the foundation—one that is necessary and essential to the safety and quiet enjoyment of his apartments under the roof in the usual manner—and any extension of that right must be by agreement with or license from the owner. It is clear, therefore, that McMenamey had no right to sublease the roof of the building, as his subletting was by the terms of his own lease restricted to 'the second and third floors.'" In the Rhode Island case, that of a one-story building, it was said: "Doubtless it would have been competent for the parties to have contracted specifically that the complainant lessee should have control of the roof; but the lease is silent on that point, and we cannot say that the lessee of a part only of this business block is entitled to more than the lease describes—that is to say, the store and basement in the building as distinct from the land on which it stands, and as distinct, also, from the entire building."

The test that could be applied in this case would be, Who would be responsible for damages resulting from a failure to keep the roof in repair, the landlord or the tenants? The question is answered by the Supreme Court in O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628, and the liability for damages, under facts like those in this case, is placed upon the owner, for he alone controlled the roof. The duty of repairing the roof in this case devolved on the owner because he alone held control of it.

[3] If the owner had received the rent arising from the use of the roof by appellant, it would operate perhaps as a waiver of the right to complain of the renting of the roof, but that was not done, and receipt of the rent for the storerooms, while protesting against the unlawful use of the roof, was not a waiver. The owner received no compensation for the use of the roof. This was not a case of subletting but an attempt to rent the property of another without the semblance of authority.

There is no merit in this appeal, and the judgment is affirmed.