## Lois A. Gilland *vs.* John C. Maynes.

Essex.    November 12, 1913. — February 27, 1914.

Present: Rugg, C. J., Hammond, Loring, Braley, & De Courcy, JJ.

*Nuisance. Snow and Ice. Municipal Corporations*, By-laws and ordinances.

If the owner of a two apartment house in a city, the apartments in which are let to tenants at will, the owner retaining control of the outside of the building including the roof and gutters, suffers a gutter to get out of repair so that water runs from it upon a public sidewalk and freezes, such owner is liable to a traveller upon the sidewalk who, while exercising due care, falls upon the ice and is injured, although "the duty of caring for snow and ice on the sidewalk, by the ordinances of the city, . . . rested upon the tenants or occupants of the premises, if there were any," and although one of the tenants had placed sand and ashes upon the ice which children in their play had brushed off.

TORT for personal injuries caused by the plaintiff falling upon ice upon a public sidewalk adjoining premises of the defendant on Church Street in Salem, which was alleged in the declaration to have been a nuisance caused by the defendant. Writ dated March 13, 1912.

In the Superior Court the case was tried before *Sanderson,* J. It appeared that the sidewalk in question adjoined a two apartment house of the defendant, and that a gutter on the house was out of repair, causing water to run upon the sidewalk, where it froze. The house was occupied by two families who were tenants at will. There was evidence that one of the tenants had placed sand and ashes on the ice upon which the plaintiff slipped, and that children in their play had brushed them off. One of the witnesses for the defendant testified "that he had full charge of the defendant's building at the time of the accident, and that it was a part of his duty to collect the rents and to have repairs made." The evidence of the plaintiff is described in the opinion.

"It was agreed that the duty of caring for snow and ice on the sidewalk, by the ordinances of the city of Salem, rested upon the tenants or occupants of the premises, if there were any."

The defendant asked the judge to order a verdict in his favor. The judge refused to do so. The jury found for the plaintiff in the sum of $2,250; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. R. Bygrave,* & *W. Rand,* for the defendant.

*J. J. Tierney,* for the plaintiff.

HAMMOND, J. There was evidence of the due care of the plaintiff. As to the negligence of the defendant, the evidence properly warranted findings by the jury that, although the defendant had let different parts of the building to different tenants at will, he nevertheless retained control of the outside of the building, including the roof and the gutters, and that upon him rested the responsibility as to repairs; that the gutter was negligently suffered by the defendant to be out of repair, so that the water flowed upon the sidewalk of a public street and there freezing rendered the walk dangerous to public travel and a nuisance; that the defendant knew or ought to have known this and that the plaintiff, while travelling thereon, was injured thereby. This makes a case for the

plaintiff. *Marston* v. *Phipps,* 209 Mass. 552, and cases cited. And this would be so even if the acts of children contributed to the nuisance. *Field* v. *Gowdy,* 199 Mass. 568, and cases cited.

*Exceptions overruled.*