## FLEISCHER v. DWORSKY.

(Supreme Court, Appellate Term, First Department.　June 14, 1915.)

LANDLORD AND TENANT ⬅164—DUTY TO REPAIR—PART OF PREMISES WITHIN LANDLORD'S CONTROL.

　　Though a tenant is given control of the individual apartment, including floors and ceilings, the spaces between the floors of one apartment and the ceiling of the next lower apartment remains within the control of the landlord, to be maintained by him for the benefit of all the tenants; and hence, if the breaking of the floor was due to a defect in the support of the floor, the landlord would be liable for negligence to a tenant injured thereby.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ⬅164.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Bertha Fleischer against Abraham J. Dworsky.　From a judgment for defendant, plaintiff appeals.　Reversed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Barnett E. Kopelman, of New York City, for appellant.

James F. Mahan, of New York City (John L. Coe, of New York City, of counsel), for respondent.

LEHMAN, J.　The plaintiff leased from the defendant an apartment in a tenement house in the city of New York.　She testified at the trial that:

On February 3, 1913, "I was sitting on a chair in the kitchen, nursing my baby, * * * and the floor broke down, and I fell down with the chair. There was a fire in the stove, and the stove was hot, and, as I fell, I fell on top of the stove and burned my back. * * * Q. Did your foot go into the opening caused by the breaking in of the floor? A. Yes. * * * Q. Before this floor broke, did you observe the condition of that floor? Had you noticed it? A. I seen that it was bending."

She also testified that five or six weeks before the accident, and at various times thereafter, she had called the attention of the defendant's agent to this condition, and he had answered "I will fix it." Previous to the accident the woodwork of the floor was not broken; it was only bending.

The action is brought in negligence, and after the plaintiff had given this testimony the learned trial justice dismissed the complaint, apparently on the theory that there is no cause of action in negligence against the landlord for failure to repair demised premises.　The law is, of course, well established that:

"No duty rests upon the landlord to repair premises which he has demised, or to keep them in tenantable condition, and there can be no obligation to repair, except such as may be created by the agreement of the landlord so to do." Schick v. Fleischauer, 26 App. Div. 210, 49 N. Y. Supp. 962.

It is, however, equally well established that where a landlord demises apartments in a house to separate tenants, the duty does rest upon the

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

landlord of keeping those parts of the house in repair over which he maintains control. The question in this case, therefore, is whether the fall of the floor in plaintiff's apartment was due to a failure to repair the floor itself, or to the failure to keep in repair a part of the house over which the landlord maintained control.

Although I have been able to find no case directly in point, it seems to me that upon principle it must be held that, although the tenant is given control of the individual apartment, including floors and ceilings, the spaces between the floors of one apartment and the ceiling of the next lower apartment remain, like the general plumbing connections or the roof of the house, within the control of the landlord, to be maintained by him for the benefit of all the tenants. It would seem clear that the beams supporting an individual apartment are really part of the general structure, which are not covered by the demise to a tenant, and which the landlord is under a duty to repair; for any interference on the part of one tenant with the space between his apartment and the apartment below might constitute an interference with the rights of the tenant of the lower apartment. The dismissal of the complaint at the close of the plaintiff's case was therefore erroneous, if any fair inference can be drawn from the testimony that the breaking of the plaintiff's floor was due, not to a defect in the floor itself, but to a defect in the supporting beams under the floor. Upon this point we have the facts that the surface of the floor was unbroken and that the floor had previously bent. I think that in the absence of explanation it might well be held that this bending was due to a structural weakness of the floor's supports in a part of the premises over which the landlord maintained control.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.