[No. 19483. Department Two. January 11, 1926.]

STUART LEUCH, *by his Guardian ad Litem Bess Rogers, Appellant,* v. VICTOR DESSERT *et al., Respondents.*[1]

[1] LANDLORD AND TENANT (76)—INJURIES FROM DEFECTIVE CONDITION —MUTUAL DUTIES OF TENANTS OF DIFFERENT PORTIONS OF SAME PREMISES. The lessee of the basement and four upper stories of a five story hotel building is not responsible for injuries sustained by a child through the negligent maintaining of an unguarded light well in the roof; where the owner of the building leased portions of it to various tenants for stores, making no provision as to the responsibility for such parts of the building as were for the common use of all.

Appeal from a judgment of the superior court of Spokane county, Webster, J., entered March 20, 1925, in favor of defendants in an action for personal injuries. Affirmed.

*Zent & Lovell* and *Ferris & Ferris,* for appellant.

*Graves, Kizer & Graves,* for respondents.

MACKINTOSH, J.—J. E. Gandy, on November 8, 1919, owned a five-story brick building in the city of Spokane, and on that day leased to the respondents

''. . . that part of the building . . . known as the Willard Hotel, the part of said building occu-

¹Reported in 242 Pac. 14.

pied by said hotel being more specifically described as follows, to-wit: The lobby, whose entrance is known as South 108 Madison Street, together with the basement thereunder, and the basement containing the heating plant and fuel room, and the basement adjoining the fuel room known as the kitchen basement, together with the second, third, fourth and fifth floors of the building.''

In the written lease there was contained an agreement that the respondents should make ''all repairs to the interior of the aforesaid demised premises, including any and all repairs to the plumbing, heating plant and elevator, provided, however,'' that the owner should make repairs to the heating and plumbing in that portion of the building not occupied by the respondents. It was further agreed that the respondents would not ''make or suffer to be made any repairs or alterations upon said premises or placing signs or awnings upon said building without the written consent of'' the owner.

The building was originally constructed in 1911 and contained on the ground floor storerooms other than the one leased to the respondents. On the roof was the opening of a light well which extended down through the building. Under a city ordinance of Spokane, in operation at the time the building was constructed, openings into such light wells from the roofs of buildings were to be guarded by copings not less than three feet in height. The coping around this light well was less than a foot high, and over it the minor child, who is the appellant here, fell, and this suit is brought for his resulting injuries, the claim being that the low coping was the proximate cause of such injuries. The case was withdrawn from the jury, and judgment entered in favor of the respondents at the conclusion of the appellant's testimony. This appeal was taken,

and liability is sought to be impressed upon the respondents upon the hypothesis that the roof of the building had been leased to them and was in their possession, and they were therefore liable for the defect.

[1] The leading question, and the one which is determinative of this proceeding, is as to what passed to the respondents under the lease. The rule seems to be established, without any variation, that, when the owner of a building leases, not the entire building as an entity to one tenant, but lets it in parts to several tenants, each of them occupying a distinct portion of the building, and there is no absolute provision to the contrary, the owner is held to retain control over such parts of the building as are for common use of all and is responsible for defects there existing. Under the lease before us, the respondents assumed no right over or responsibility for the roof. It was not leased to them in terms, nor by implication. They made no agreement to keep it in repair, and no duty was upon them to remedy any defects there existing. The fact that they were occupants of rooms immediately under the roof gave them no more privileges, or use of the roof, or responsibility for its maintenance and safe condition than any other tenant of the building. The roof was necessary for all the tenants; and no provision being made for a transfer of its possession to any tenant, the control over it remained in the owner.

In the case of *Seattle v. Puget Sound Improvement Co.,* 47 Wash. 22, 91 Pac. 255, 125 Am. St. 884, 12 L. R. A. (N. S.) 949, a situation analogous to the one here was under consideration. There the owner of the building had a trap door over an areaway in the sidewalk, used exclusively for the benefit of the building. The building itself had been leased to various tenants. There was nothing in their tenancy that gave them control of this areaway. The maintenance and actual pos-

session of that part of the building was in the owner at all times, and the court held that he was the one who was responsible for injuries resulting to a pedestrian who had been injured by stumbling over the trap door.

Situations similar to that in the instant case have been considered many times, and the rule we find to be as we have already announced it. Some of these authorities so holding are: *O'Connor v. Andrews,* 81 Tex. 28, 16 S. W. 628; *Shipley v. Fifty Associates,* 101 Mass. 251, 3 Am. Rep. 346; *Yorra v. Lynch,* 226 Mass. 153, 115 N. E. 238; *Gilland v. Maynes,* 216 Mass. 581, 104 N. E. 555; *Trustees of Village of Canandaigua v. Foster,* 156 N. Y. 354, 50 N. E. 971, 66 Am. St. 575, 41 L. R. A. 554; *Jennings v. Van Schaick,* 108 N. Y. 530, 15 N. E. 424, 2 Am. St. 459; *Siggins v. McGill,* 72 N. J. L. 263, 62 Atl. 411, 111 Am. St. 666, 3 L. R. A. (N. S.) 316; *Branigan v. Lederer Realty Corp.,* 101 Atl. (R. I.) 122; *Perry v. Levy,* 87 N. J. L. 670, 94 Atl. 569; *Payne v. Irvin,* 144 Ill. 482, 33 N. E. 756; *Looney v. McLean,* 129 Mass. 33; *Bissell v. Lloyd,* 100 Ill. 214; *Security Sav. & Comm. Bank v. Sullivan,* 261 Fed. 461; *Wardman v. Hanlon,* 280 Fed. 988; *Frank v. Simon,* 109 App. Div. 38, 95 N. Y. Supp. 666; *Tauber v. Rochelsky,* 90 Misc. Rep. 382, 153 N. Y. Supp. 199; *Fleischer v. Dworsky,* 90 Misc. Rep. 628, 153 N. Y. Supp. 951; *Gude & Co. v. Farley,* 28 Misc. Rep. 184, 58 N. Y. Supp. 1036; *MacNair v. Ames,* 29 R. I. 45, 68 Atl. 950; *Brown Co. v. O'Connor,* 151 S. W. (Tex. Civ. App.) 339.

The appellant's authorities cited are inapplicable to the situation before us. They deal with the question of attractive nuisances, and the question of whether the inadequately protected light well was an attractive nuisance or not is not before us. That is a question which might be involved were the owner of the building being sued. As long as the respondents had no right to the use of the roof, were under no obligation to main-

tain it or repair it, the question of whether the situation there was an attractive invitation to a youth is of no consequence. An examination and review of those authorities upon this point, therefore, would be engaging in a work as unproductive as was that of Penelope. The trial court was, therefore, correct in holding that under the laws the respondents were under no liability. Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.