[Civ. No. 6035. First Appellate District, Division One.—January 20, 1928.]

CHARLES E. SMELSER, etc., Appellant, v. DEUTSCHE EVANGELISCHE LUTHERISCHE GEMEINDE DER ST. MARKUS KIRCHE (a Corporation), Respondent.

George M. Snyder for Appellant.

Henry Eickhoff for Respondent.

KNIGHT, J.—This is an action to recover damages for personal injuries alleged to have been caused by the defendant's negligence. An order was made sustaining defendant's demurrer to the amended complaint without leave to amend, and from the judgment entered thereon plaintiff appeals. The single question presented is whether the amended complaint states facts sufficient to constitute a cause of action.

The allegations of said complaint are to the following effect: Defendant owned a three-story frame apartment house in San Francisco which contained one apartment on each story. The building was designed, built, and occupied as a home or residence for three families living independently of each other, and was provided with a stationary wooden ladder, constructed in a court or light-well extending from a point near a window in the top apartment to the roof. The ladder, as the complaint alleges, "was accessible to the occupants or tenants of the third or top story and top apartment of said apartment house," and "was the only means of access to said roof." One Sophie Strauss was the

lessee of the top floor and plaintiff occupied one of her rooms as her boarder or tenant. The complaint further alleges that on the day plaintiff was injured he ''heard certain sounds or noises coming from the roof of said building indicating that persons were on the roof. . . and that when after said sounds or noises had continued for a considerable length of time plaintiff climbed to the roof of said building by means of said ladder and ascertained that said sounds or noises were being made by certain boys not living in said building who were erecting radio aerials on said building''; that thereupon he started to descend from the roof by means of the ladder when the rung he was grasping loosened and gave way, precipitating him to the pavement at the bottom of said court or lightwell, a distance of approximately sixty feet, as a result of which fall he was severely injured. Allegations follow showing the extent of the injuries and the damage sustained by plaintiff by reason of them. The negligent act charged against defendant was that said ladder had been attached to the building for many years and that ''the nails holding the rungs . . . had become and were rusted and rotten with age; and that the defendant negligently failed to keep said ladder in repair.''

■ Plaintiff contends that defendant's liability attaches under the rule that, where a portion of demised premises is reserved for the common use of the owner and tenants, or of different tenants, the owner is charged with the implied duty to use reasonable care to keep the reserved portions in a reasonably safe condition and that for a failure to perform such duty he is liable for any injuries sustained by persons rightfully using the same (36 Cor. Jur. 213). There is no disputing the existence of the foregoing rule, but in the present case it is nowhere alleged, either expressly or by implication, that at the time plaintiff was injured the defective premises were under reservation for common use of the owner and tenants or of different tenants, the allegations being merely that said ladder extended from a point near a window in the top story to the roof, and ''was accessible to the occupants or tenants of the third or top story and top apartment of said apartment house.'' ■ If, therefore, the foregoing allegations be construed to mean that said ladder was a part of or appurtenant to the third or top story of the building and as such was included in the

premises leased to Sophie Strasser, defendant, as owner, was not liable, the rule in such cases being that in the absence of fraud, concealment, or covenant in the lease the landlord is not liable to a tenant for the injury due to the defective condition or faulty construction of the demised premises. This is the rule at common law and it has not been changed by section 1941 of the Civil Code (*DeMotte* v. *Arkell*, 77 Cal. App. 610 [247 Pac. 254]; *Daley* v. *Quick*, 99 Cal. 179 [33 Pac. 859]; 15 Cal. Jur. 704).

But in furtherance of his theory that the ladder in question was subject to the common use of all the tenants in the building, plaintiff claims that certain provisions of the State Housing Act (Stats. 1923, p. 813) should be imported into the transaction and considered a part thereof. Those provisions read: "Every now existing apartment house or hotel of more than two stories in height, that is not provided with a stairway to the roof as hereinbefore prescribed, shall have in the roof a penthouse or a scuttle . . . located in the ceiling of a public hallway, and there shall be provided a stairway or a stationary ladder leading from the top floor of such apartment house or hotel to the roof thereof. Such stairway or stationary ladder shall be made readily accessible to all the tenants of the building. No scuttle or penthouse door shall at any time be locked with a key, but may be fastened on the inside by a movable bolt or lock." (Section 48.) The complaint utterly fails to show, however, even inferentially, that said ladder, either with respect to its location or type of construction, was built with the intention that it should or that in fact it did conform to the requirements of said State Housing Act, there being no allegations whatever to show that, as the statute requires, it led to "a penthouse or scuttle . . . located in the ceiling of a public hallway" or was "readily accessible to all the tenants of the building." On the contrary, as pointed out, it affirmatively appears from the facts alleged that the ladder was built in a court or light-well and was "accessible to the occupants or tenants of the third or top story . . . "

■ In construing pleadings before judgment it must be presumed that the pleader stated his case in the most favorable manner to himself (*Burrows* v. *Bosworth*, 68 Cal. App. 117 [228 Pac. 667]; *Smith* v. *Buttner*, 90 Cal. 95 [27 Pac.

29]), and consequently, if said ladder had been in fact accessible to or reserved for the common use of all tenants in the building, it is fair to assume that plaintiff would have so alleged. It may be that defendant has failed to provide a common stairway or ladder in compliance with the terms of the State Housing Act, but that is a question with which we are not here concerned for the reason that plaintiff does not claim that the accident was proximately caused by such failure or neglect.

Furthermore, and in any event, the mandatory requirements of section 48 of the State Housing Act were obviously enacted pursuant to the state's police power as a regulation for protection in cases of emergency of the human beings residing in apartment houses, hotels, and group dwellings, to provide them with safe means of access to the roof in cases of imminent peril such as fire or other disaster, and do not have the legal effect plaintiff claims of conferring upon all the tenants in the building an additional unrestricted right to go upon the roof and to use the same for any and all purposes. The primary purpose of the roof of a building is to shelter it and all of its occupants, and consequently, other than for purposes of shelter the tenants are given no easement thereover as appurtenant to their tenancies, unless their rights be extended by agreement with or license from the owner (*O. J. Gude Co.* v. *Farley*, 28 Misc. Rep. 184 [58 N. Y. Supp. 1036]; *Leuch* v. *Dessert*, 137 Wash. 293 [242 Pac. 14]; *Keesey* v. *O'Reilley*, 181 App. Div. 665 [168 N. Y. Supp. 844]).

The complaint before us does not show that either plaintiff, who was merely "a tenant of a room and a boarder on the third or top floor," or any of the other tenants acquired from defendant any right, either in common or otherwise, to use the roof, and consequently they had no right, leave, or license to use the same or the ladder leading thereto except as the act contemplates in cases of perilous exigency. That such exigency did not arise is manifest from the allegations of the complaint, for it would appear therefrom that without being requested or importuned by his landlady or any other tenant of the building so to do, plaintiff climbed out of the window of the third floor into the court or lightwell and ascended the ladder to the roof in order to investi-

gate certain noises which were not alleged to be alarming, but which indicated merely, as the complaint avers, "that persons were on the roof." ▮ Clearly, the limited right conferred upon plaintiff by the State Housing Act to use the ladder if and when an emergency arose did not carry with it a license to use the same for the purpose of gratifying his curiosity; and having thus voluntarily exposed himself to danger which resulted in his injury, there is no rule of law authorizing a recovery of damages against the owner (*Kneiser* v. *Belasco-Blackwood Co.*, 22 Cal. App. 205 [133 Pac. 989]; *Lindholm* v. *Northwestern Pacific R. R. Co.*, 79 Cal. App. 34 [248 Pac. 1033]; *McAlpin* v. *Powell*, 70 N. Y. 126 [26 Am. Rep. 555]).

As said in *Landers* v. *Brooks et al.*, 258 Mass. 1 [49 A. L. R. 562, 154 N. E. 266], wherein the injuries suffered by a tenant were caused by an unauthorized use of a fire-escape: "The fire escape was intended for use in case of danger from fire. It was not to be used for other purposes. No duty was imposed on the defendant to keep it in proper repair except in case of fire. It was not designed for entrance or exit to the apartments, and it was not contemplated that it should be kept in a safe condition for all purposes and every kind of service. We decided in *Eisenhauer* v. *Ceppi*, 238 Mass. 458 [131 N. E. 184], that if the landlord agreed with his tenant to keep the place safe at all times, the promise of safety did not extend to a piazza roof or to every part of the demised premises which could be reached by going through a window; that it was not intended that all parts of the premises were to be kept in a condition of safety under the agreement, when it was apparent that the piazza was not expected to be used by the tenant in the course of his tenancy." In other words, under the general rule, in order to maintain an action for damages on account of personal injuries caused by negligence or want of due care, there must be shown to exist some obligation or duty toward the plaintiff which the other has left undischarged or unfulfilled (*Schmidt* v. *Bauer*, 80 Cal. 565 [5 L. R. A. 580, 22 Pac. 256]), and when, as here, it appears that plaintiff was where he had no right to be or was a mere licensee whose presence at the place where he was injured was brought about through motives affecting his private convenience or curiosity, the owner owes him no legal duty

other than not to wilfully injure him (*Lindholm* v. *Northwestern Pac. R. R. Co.*, *supra; Whitner* v. *Southern Ry. Co.*, 101 S. C. 441 [85 S. E. 1064]; *McAlpin* v. *Powell*, *supra*).

Assuming, therefore, that, contrary to the fact and in the absence of appropriate allegations, the ladder in question might be deemed accessible to all the tenants in said building for the purpose designed by the State Housing Act, and that therefore defendant was charged with responsibility for its safe condition, it affirmatively appears from the complaint that plaintiff's injuries were received while he was using the ladder for purposes not contemplated by said act, and under such circumstances the owner cannot be held liable for damages resulting from such unauthorized use.

For the reasons stated, we are of the opinion that the demurrer was properly sustained without leave to amend, and the judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.