No. 35,257

JAMES H. ROBINSON, *Appellant,* v. L. H. ARMSTRONG, SAMUEL RICH, BESSIE RICH and MAX WOODBURN, Copartners doing business as THE RICH SIGNS COMPANY, *Appellees.*

(118 P. 2d 503)

Opinion filed November 8, 1941.

*A. V. Roberts, Paul W. Schmidt* and *Verne Roberts,* all of Wichita, for the appellant.

*A. M. Ebright, P. K. Smith, R. A. Hickey, Harold Irwin, W. E. Holmes, Howard L. Baker* and *Edward F. Arn,* all of Wichita, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: Under a lease dated September 15, 1938, the defendant Armstrong demised and leased certain premises in the city of Wichita to the plaintiff. The instrument provided:

### "CITY LEASE TO MONTAGUE STUDIO

"This property lease made date last herein written, by and between L. H. Armstrong, ————, lessor of the first part, and James H. Robinson ———— lessee of the second part:

"Witnesseth, That lessor, in consideration of full performance of covenants and agreements of lessee hereinafter set out and full payment of rent as hereinafter set .out, does hereby lease to said lessee for the term hereinafter set out the premises described, to wit, brick building, 25 x 81 feet, on lot number 9, Uptown addition, Wichita, Kansas, Sedgwick county; located at 3201 East Douglas, situated in Wichita, Kansas.

"This lease is made with covenants on part of lessee that said premises are to be used for photographic studio. . . ."

The lease was for a term of five years, expiring on September 15, 1943, at a rental of $6,000 payable in advance in monthly installments of $100, and provided for a renewal for a term of five years under same covenants and agreements at the option of the lessee.

In plaintiff's petition it was alleged that he entered into possession under the lease for the purpose of carrying on the business for which the building was leased, that is, a photographic studio; that plaintiff equipped the building in the interior and on the exterior in the proper, usual and ordinary manner in order to carry on such business; that defendants have illegally and unlawfully entered the premises, to the very great detriment of the plaintiff and his business in this that defendants have gone upon the premises, especially the roof of such building, and attempted to erect large signs for the purpose of advertising other lines of business than that in which the plaintiff is engaged, and are attempting to carry out the installation of such signs to the very great damage of the plaintiff; that they have drilled holes in the roof of the building and in doing so the vibration has injured the photographic operations of the plaintiff and has ruined many pictures in the process of making and development; that defendants have kept up a continuous hammering and noise that has driven plaintiff's prospective customers from the building; that in attempting to erect such signs the defendants have cut off the chimney by which plaintiff provided heat for the building and so placed their equipment as to drive the smoke down into the studio of the plaintiff and to put out the fire; that such acts have occasioned the plaintiff great annoyance and damage in that his help have been compelled to leave because of the cold in the room and the lack of fires, and customers have refused to stay under such conditions; that such wrongful acts have caused sickness to the plaintiff, rendering him unfit for his work.

The petition sets forth in detail the damages sustained by plaintiff by reason of the alleged wrongful acts of defendants.

Plaintiff prayed for a mandatory injunction directing defendants to remove from the leased premises, to remove the signs placed thereon and for damages.

In the answer of defendant Armstrong, it was alleged:

"This answering defendant alleges and states that he is the owner of a building located on the southeast corner of Hillside avenue and Douglas ave-

nue, in Wichita, Kansas. That said building has within it three separate store rooms, each separated by thirteen-inch concrete partitions with no connecting entrances between them. That neither of said store rooms have access to the common roof over said building.

. . . . . . . . . . . . . . . . . . . .

"That in addition to the 25 x 81 foot storeroom leased by the plaintiff, said building has two other storerooms described as 110 South Hillside and 3203 East Douglas avenue. That all three storerooms are separated from each other by 13-inch solid concrete partition walls and that all three of said storerooms have a common secondary roof over them constructed of solid concrete surface. That a few feet above this common secondary concrete roof there is an outer roof constructed of asphalt which, for drainage purposes, slopes slightly toward the south or rear of said building. . . ."

The answer admitted that defendant leased the roof to the Rich Signs Company and that the signs were erected thereon as charged. Similar answers were filed by the other defendants.

Upon the issues joined by the answers of defendants the case came on for trial before a jury. At the conclusion of plaintiff's evidence a demurrer to the evidence was sustained by the court. This appeal is from the order and judgment so entered.

The sole question presented is whether the acts of the defendants in entering upon and erecting the signs upon the roof of the leased premises constituted an invasion of the rights of the plaintiff under the lease.

Defendants contend the lease covered only the storeroom in the brick building described in the lease and that the lessee acquired no interest in nor right of control over the roof. Defendants cite and rely upon *MacNair v. Ames,* 29 R. I. 45, 68 Atl. 950; *O. J. Gude Co. v. Farley,* 28 Misc. 184, 58 N. Y. S. 1036; *Clayton D. Brown Co. v. O'Connor* (Tex. Civ. App.), 151 S. W. 339; *Smelser v. Deutche Evangelische,* 88 Cal. App. 469, 263 Pac. 838; *Leuch v. Dessert,* 137 Wash. 293, 242 Pac. 14; *Keesey v. O'Reilly,* 181 App. Div. 665, 168 N. Y. S. 844; *Reiman v. Moore,* (Cal.) 108 P. 2d 452; *Shipley v. Fifty Associates,* 101 Mass. 251, 3 Am. Rep. 346.

Where the lease covers a storeroom, an apartment or a definite space within a building the cases cited establish the proposition that the tenant has no control over the roof of the building.

We must determine whether under a proper construction of the lease before us the lease was of the entire brick building described or was the storeroom alone demised.

The lease contained a covenant on the part of the lessee that the premises were to be used as a photographic studio, but no restrictions or reservations of any kind were inserted by the lessor.

The lease for the term of five years was for "the premises described, to wit, brick building, 25 x 81 feet on lot number 9, Uptown addition, Wichita, Kansas, Sedgwick County; located at 3201 East Douglas, situated in Wichita, Kansas."

The sufficiency of the description is not questioned. The property leased is a certain lot in a certain addition to the city of Wichita and at a street number, upon which is located a brick building of specified dimensions. A similar description in a deed to a person and his heirs would be sufficiently definite and certain to pass to the grantee an estate in fee simple. Such transferee would have title to the lot and the brick building, including the roof of the building. But a lease for five years creates an estate in the land, known to the common law as an estate for years. Under the lease the tenant is entitled to possession of the leased premises. In 1 Tiffany on Real Property (2d ed.) § 46, the author states:

"One who holds land as tenant of another has the possession of the land, unless he has divested himself of the possession by creating a subtenancy, in which case, applying the same rule, the subtenant has the possession.

"Possession involves not only the exercise of acts of ownership over the land, but also the exclusion of the exercise of such acts by others. . . .

"The principle that the tenant has the possession of the land applies as against his landlord as well as against third persons, and consequently an unauthorized entry by the landlord renders the latter liable to an action of trespass *quare clausum fregit,* or its statutory equivalent, at the suit of the tenant. . . ."

The argument of defendants is predicated on the assumption that the lease was for the storeroom and did not include the entire brick building. But our attention is not called to any language in the lease that either expressly or impliedly limits the lease to the storeroom. We must construe the lease as we find it. We are confronted with a written instrument, an integration which evidences the agreement of the parties. The action is not a bill in equity for reformation for mutual mistake, but for damages for trespass. By the express language of the lease, the entire brick building on lot 9 was covered by the lease.

Where the lease embraces the entire building for the term the tenant would have possession and control of the roof for the purposes specified in the lease.

*Smith v. Jensen,* 156 Ga. 814, 120 S. E. 417; *Rayhertz Amusement Corporation v. Fulton Improvement Company,* 124 N. J. Eq. 121, 200 Atl. 557; *Lafayette Forward. Co. v. Rothbart Garage Opera-*

*tors,* 205 App. Div. 624, 200 N. Y. S. 184; *Brown v. Broadway & Seventy-Second St. Realty Co.,* 131 App. Div. 780, 116 N. Y. S. 306; *Lyon v. Bethlehem Engineering Corp.,* 253 N. Y. 111, 170 N. E. 512.

In the absence of an express covenant inconsistent therewith the ordinary lease of realty raises an implied covenant that the lessee shall have quiet and peaceable enjoyment of the leased premises, so far as regard the lessor or anyone lawfully claiming through or under him. *Wallace v. Carter,* 133 Kan. 303, 299 Pac. 966.

As the lease contained no restrictions, manifestly it embraced the entire building described.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.