HARRY ANCESS, Respondent, v. TREBUHS REALTY Co., INC., Appellant.

First Department, March 19, 1963.

*James M. McLaughlin, Jr.*, of counsel (*Terhune, Gibbons & Mulvehill*, attorneys), for appellant.

*George J. Malinsky* of counsel (*Abraham Rosenfeld*, attorney), for respondent.

*Per Curiam.* Plaintiff, an employee of a tenant in a commercial building owned by defendant at 1700 Broadway in Man-

hattan, was injured on July 18, 1957, when he fell as he stepped from the roof into a hall of the building. A board atop a box — which plaintiff was using as a step — tipped and tilted, causing him to fall. A jury awarded plaintiff $13,500 in damages.

Defendant contends that there was no proof from which a jury could infer that, at the time of the injuries, plaintiff was an invitee upon the roof of the building; and that the Trial Justice should have ruled as a matter of law that plaintiff was a bare licensee to whom the owner of the building owed no greater duty than to refrain from intentional or wanton injury. (See *Mendelowitz* v. *Neisner,* 258 N. Y. 181, 184.)

Plaintiff's employer leased the sixth floor and penthouse of the building, and no mention was made in the lease concerning the use of the roof. There was no evidence that the roof was set aside for the common use of tenants or that the facilities of the roof were in any manner appurtenant to the lease of plaintiff's employer. From the evidence, a jury would have been warranted in finding only that the defendant knew that some of the tenants were using the roof for the drying of signs and that employees of tenants sometimes used the roof for recreation. But the fact that defendant acquiesced in and permitted such use of the roof on these commercial premises does not make the employee of the tenant an invitee.

As was said in *Vaughan* v. *Transit Development Co.* (222 N. Y. 79, 82): "Long-continued acquiescence in such use does not become an invitation. The law does not so penalize good nature or indifference nor does permission ripen into right."

(See, also, *Heskell* v. *Auburn Light, Heat & Power Co.,* 209 N. Y. 86, 91; *Keesey* v. *O'Reilly,* 181 App. Div. 665; *Avlon* v. *Greencha Holding Corp.,* 239 F. 2d 616.)

In determining that one is an invitee, rather than a licensee, upon commercial premises, it must be shown that either the owner derives an economic benefit from the presence of the person on the premises or that the person has been encouraged to use the premises to further a purpose of the owner. (See Prosser, Torts [2d ed.], § 78, pp. 454–455.) As already indicated, the roof was not leased to the tenant nor was it appurtenant to the lease. Hence, it cannot be said that the owner derived any economic benefit from the use of the roof by the tenant, and there is no evidence that the owner encouraged the use of the roof for any purpose of its own. Any benefits derived from the use of the roof redounded solely to the tenant. Under such circumstances, the owner's acquiescence in the use, at most, gave the tenant and its employees a mere bare license.

The judgment should therefore be reversed, and the complaint dismissed, on the law, with costs to appellant.

BERGAN, J. (dissenting). Knowledge by defendant landlord of the special use of the roof of the building by the tenants and employees of tenants and acquiescence in such use is established sufficiently in the record to warrant a factual finding of permissive utilization by tenants and their employees of this portion of the premises in connection with their occupancy. It could be found that plaintiff's employer placed signs on the roof to dry; that occasional special utilization of the roof was explained to defendant's representative by plaintiff's employer without objection; that employees of another tenant sat on the roof at lunch time; that the superintendent of the building was there during some of these periods.

On the question of invitation and status of plaintiff, therefore, a case has been made out prima facie. (*Soto* v. *City of New York,* 9 N Y 2d 683.) Whatever differences may exist between the degree of care defendant owed this plaintiff and the degree owed to children considered in *Soto,* it is clear that on the question of status, i.e., the sufficiency of the proof necessary to sustain invitation, this case and *Soto* are governed by the same principle. The invitation there was predicated on a mere knowledge of use which led the minority to think plaintiff had " status as a licensee " (p. 684). The court's decision was that there was " a prima facie case sufficient for submission to the jury " and this could mean only that the court held plaintiff was an invitee — the precise point on which the complaint had been dismissed below (9 A D 2d 961, 962).

There are cases which suggest the rule to be different, e.g., *Vaughan* v. *Transit Development Co.* (222 N. Y. 79 [1917]). But the direction of decisional law seems to be to hold the questions of invitation and status in debatable circumstances such as these to be issues of fact. (*Bowers* v. *City Bank Farmers Trust Co.,* 282 N. Y. 442 [1940]; *Knapp* v. *Fulton County Nat. Bank & Trust Co.,* 6 A D 2d 742 [1958], motion for leave to appeal denied 5 N Y 2d 705; *Davis* v. *Rockford Realty Management Corp.,* 253 App. Div. 765 [1937]).

The judgment should be affirmed.

RABIN, VALENTE and EAGER, JJ., concur in *Per Curiam* opinion; BERGAN, J., dissents in opinion in which BREITEL, J. P., concurs.

Judgment reversed and the complaint dismissed, on the law, with costs to appellant.