■ DOROTHY BONESTEEL et al., Appellants, v. EMMA WILLARD SCHOOL, Respondent.— HERLIHY, P. J. Appeal from a judgment of the Supreme Court, entered February 20, 1968 in Rensselaer County, upon a jury verdict of no cause of action. The issue is whether or not Mrs. Bonesteel (hereinafter referred to as appellant) was as a matter of law only a licensee upon the present record, as charged by the trial court. It appeared that one Anderson had previously leased a business machine to the defendant and that in order to lease a similar machine to the appellant's employer, the Brittonkill School District, he obtained permission from the defendant to demonstrate the business machine upon the defendant's premises to the representatives of the Brittonkill School District. The appellant's duties as an employee of the Brittonkill School District were such that if the district leased Anderson's machine, she would have been involved in operating it. Accordingly, the appellant accompanied other representatives of the district to the defendant's premises on the morning of December 13, 1963 to view Anderson's business machine and learn its capabilities. The entire demonstration of the machine was to be conducted by Mr. Anderson. Upon arrival at the defendant's premises the appellant, while proceeding across a parking area, slipped and fell upon snow and ice. Upon the facts set forth above, the appellant would not have been a "business invitee" of the defendant. The defendant had nothing to gain from the demonstration of its business machine and was not in any way in the business of promoting the sales of such machines. At most it was merely accommodating the people involved in the demonstration of the machine, which was solely for the purpose and benefit of the Brittonkill School District and Mr. Anderson. The contentions of the appellant as to the remote and distant connections between the defendant's private school and the appellant's employer are insufficient to show any kind of a business relationship in the sense that the appellant would have been a business invitee of the defendant. A person may be a business invitee of another person, but not necessarily be a business invitee of the person upon whose premises a meeting is held. (Cf. *Cesario* v. *Chiapparine*, 21 A D 2d 272, 277.) The contention of the appellant as to her status being one of a public employee engaged in the conduct of public employment upon the defendant's premises is without merit. (See *Glassbrook* v. *Manhi Realty Corp.*, 279 App. Div. 711; *Dillon* v. *Socony Mobil Oil Co.*, 9 A D 2d 835.) Upon this appeal the appellant also contends that she was owed the duty of reasonable care under subdivision 1 of section 200 of the Labor Law. The appellant did not in her pleadings or motions upon the trial and/or exceptions upon the trial specify any possibility of liability under the Labor Law. (See *Meyers* v. *Grand Union Co.*, 30 A D 2d 704; *Crossley & Sons* v. *State of New York*, 25 A D 2d 708, 709.) Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.