■ JACK CANALES, Appellant, v. SIMPLE PROPERTIES, INC., Respondent.— Judgment entered February 7, 1969, affirmed, without costs and without disbursements. The trial court found, and we believe correctly, that plaintiff was a mere licensee on defendant's premises and that even if he were an invitee he failed to establish that his injuries resulted from a defect in the premises. Plaintiff's claim of being an invitee rests upon the contention that he was hired by the janitor to assist him in his work. There was no showing that the janitor was authorized to hire anyone. One so hired, in order to establish status must show that defendant ratified the hiring. This can be established either by direct proof or proof of such facts that the trier of the facts could conclude that the defendant actually knew of the hiring and acquiesced in it (*Simon* v. *Ora Realty Corp.*, 1 N Y 2d 388). Here the proof did not go to that extent. While there

was proof that others, but not defendant, knew that plaintiff frequented the premises, there is nothing to show that defendant knew or acquiesced in the alleged arrangement. In this situation it is not a question of what defendant ought to have known but what it did know. One can be chargeable with knowledge only where there is a duty to find out, and here there was none. Proof of knowledge, however, need not be direct. Furthermore, plaintiff continuously attributed his accident (as seen in the testimony quoted in the dissent) to the absence of a step in the stairway. His own proof showed there was no missing step. Concur — Stevens, P. J., McGivern and Steuer, JJ.; Capozzoli and Tilzer, JJ., dissent in the following memorandum by Capozzoli, J.: The basic question at issue is whether there was sufficient evidence to create a question of fact at the trial as to whether plaintiff was in the premises with the permission, and at the request, of the superintendent to assist him in his work, with the knowledge of the landlord. There is ample evidence in the record which discloses that an arrangement between the plaintiff and the superintendent had been in existence for months whereby the plaintiff assisted the superintendent in janitorial duties. A police officer and persons who resided or worked near the premises where the accident occurred, testified that they had observed the plaintiff working in and about the premises, performing duties of a janitorial nature and generally assisting the superintendent. The plaintiff's own testimony, in addition, was uncontradicted by the defendant as to the details of this arrangement and the length of time it had been in existence. As was said in Simon v. Ora Realty Corp. (1 N Y 2d 288, 392): "This practice by the employee, being performed in broad daylight on a public street, and in and on the defendant's premises, was open and notorious. We think it would not be unreasonable for a jury to infer, from all of the evidence in this record, that defendant's employee — his title is, of course, of no moment — was in charge of the building and that defendant knew, or should have known, of the employee's long-standing practice of seeking young boys to aid him in the performance of his duties. Hence, a jury could properly conclude that, being aware of the employee's practice, defendant authorized or at least acquiesced in such practice." (Emphasis supplied.) In the case at bar, since the complaint was dismissed at the close of the plaintiff's case and no evidence whatever was offered by the defendant, we cannot determine whether or not the defendant supervised the maintenance of its premises by its own periodic personal inspections. Nevertheless, there is certainly sufficient evidence in the case to spell out an issue of fact for the jury to pass upon as to whether the landlord, in the exercise of reasonable care, should have known of the arrangement between its employee and the plaintiff and if it "authorized or at least acquiesced in such practice" (Simon v. Ora Realty Corp., supra, p. 392). As to the additional contention of the defendant that there is no proof connecting the accident with the condition shown in the photograph, it is clear that there is sufficient evidence in the record from which a reasonable person could fairly conclude that the plaintiff stepped on the broken step shown in the photograph. At page 158 of the record, in describing the accident, the plaintiff said: "A. I walk downstairs slow with the box in my hand without knowing that there was a hole there, so on the second stair from the basement I stuck my feet. I went down because there was no stairs there, there was only water." Again, at page 159, the plaintiff said: "A. I came with the box of wood in the hand. When I get downstair, I go slow to the stair because I cannot walk fast, so when I get near by the cellar I stuck my feet. I thought there was a stair there. There was no stair; only was water. So when I get out, my foot caught." As to the precise step on which the plaintiff fell, after some difficulty in expressing himself, the plaintiff finally made it clear that the accident happened on the second step from the bottom. This unques-

tionably appears in the record at pages 160, 161, where there is the following: " Q. Listen, please. Do you understand the difference between the second step from the top and the second step from the bottom? A. Not from top, I mean from bottom, downstairs." These excerpts from the record, and other answers made by the plaintiff in the course of the trial, clearly demonstrate that the plaintiff had difficulty in expressing himself in the English language, but, despite this, I am satisfied that there is sufficient in the record to identify the step from which the plaintiff fell. In this connection, it is well to keep in mind the language of the court in *Gramm* v. *State of New York* (28 A D 2d 787, 788) which is as follows: " Assuming, says the State, an unsafe condition due to the State's negligence, claimant cannot succeed except upon proving the precise condition of the particular step upon which she fell, as respected one or more of the negligent conditions found applicable to the stairway generally. The law does not apply so unreasonable a requirement of certitude, usually impossible of achievement. ' The fact of causation is incapable of mathematical proof * * * If as a matter of ordinary experience a particular act or omission might be expected, under the circumstances, to produce a particular result, and that result in fact has followed, the conclusion may be permissible that the causal relation exists. Circumstantial evidence or common knowledge may provide a basis from which the causal sequence may be inferred.' (Prosser, Torts [3d ed.], § 41, p. 246.) In this case, the dangerous condition of the stairway and the fact of claimant's fall thereon establish the ' natural and reasonable inference' of the proximate cause that appellant denies." No citation is needed for the clearly established principle that, since the complaint was dismissed at the close of the plaintiff's case, we must assume as true all that the plaintiff's proof established. Therefore, the motion of the defendant to dismiss the complaint should have been denied, the defendant should have been given an opportunity to present its proof, if any, and the case submitted to the jury for decision. For the above reasons I dissent and vote to reverse.