### (May 22, 1975)

■ JOSEPH DI BLASIO et al., Respondents, v IRA W. BLAKE et al., Defendants and Third-Party Plaintiffs-Appellants. NICHOLAS COMANZO, Third-Party Defendant-Respondent.—Appeals (1) from a judgment of the County Court of Schenectady County, entered April 10, 1974 in Schenectady County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court which denied defendant's motion to set aside the verdict, and (3) from an order and judgment of said court, entered April 25, 1974, which dismissed the third-party complaint. Plaintiff Joseph Di Blasio, a pharmaceutical deliveryman, accompanied the third-party defendant Comanzo, at his request, on an inspection of some vacant commercial property owned by the defendant Ira Blake which Comanzo contemplated purchasing. A tour of the premises led them to the unilluminated cellar where they found the floor covered with water. Comanzo requested Di Blasio to obtain a flashlight, which he did, and upon returning to the cellar, plaintiff fell into a pit surrounding a furnace which was set below the floor level and sustained certain physical injuries for which a jury has awarded him damages. His action against the owner of the building claimed negligence in the maintenance of the cellar floor by allowing the furnace pit to be concealed by water, thereby creating a dangerous and hazardous condition without pro-

viding any warning thereof to him when duly upon the premises. The judgment cannot stand. The proof conclusively establishes that on the only occasion defendant was aware of water in his cellar, he took immediate steps to remove it. The uncontradicted evidence also demonstrates that Di Blasio was a licensee. His only purpose in being within the building was to accommodate Comanzo. Plaintiff was not a contractor, did no construction work, was not an expert on furnaces, had never been in the real estate business, and was not required to furnish any opinion about the building. Since plaintiff's status at the time of the accident depends primarily upon the nature of his interest in defendant's premises, and since there is no actual dispute or conflicting evidence on this issue, his status may be determined as a matter of law *(Bonesteel v Emma Willard School,* 33 AD2d 625; 3 Warren, NY Negligence, Licensees, vol 3, § 1.01, subd [1], pp 412–413). In this case, there was no duty on the part of the defendant to continually inspect the premises and he had every right to assume that if any dangerous condition did exist, a person lawfully upon the premises, in the exercise of reasonable care, would discover it himself (46 NY Jur., Premises Liability, § 40, pp 112, 113). Since there was no duty owed to the plaintiff Di Blasio by the defendant Blake, the verdict must be set aside and the complaint dismissed *(Canales v Simple Props.,* 33 AD2d 1011; *Ancess v Trebuhs Realty Co.,* 18 AD2d 118, affd 16 NY2d 1031). Judgment and order reversed, on the law, and complaint dismissed, without costs. Appeal from order and judgment dismissing the third-party complaint dismissed as academic, without costs. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ, concur.