■ GAIL R. HOAGLAND, Respondent, v ALBERT P. HEISSLER, Appellant. —Appeal from an order of the Supreme Court at Special Term, entered April 12, 1977 in Saratoga County, which denied defendant's motion for summary judgment. This is an action for specific performance of a contract

for the sale of real property or, alternatively, for damages for breach of a contract for the sale of real property in the sum of $6,000. Plaintiff, as proposed grantor, and defendant and Jeanne S. Heissler, as proposed grantees, entered into said contract which expressly provided that it was contingent upon the grantees' "assuming the purchase money mortgage * * * to be held by Gloversville Savings Bank at a rate of 7½%". When it subsequently developed that the bank would allow grantees to assume the mortgage only at an annual percentage rate of 8½%, grantees refused to perform on the contract, and this action ensued in which both parties moved for summary judgment. Finding that there was a triable issue of fact as to whether or not the rate of interest on the mortgage in question "was a significant inducement to the buyer" to enter into the contract in the first instance, Special Term denied the motions. Only defendant has filed an appeal challenging this denial of summary judgment, and we agree that the order of Special Term must be reversed. Despite protestations by plaintiff that the intention of the parties was that the interest rate to be charged the grantees on the assumed mortgage was to have no bearing on the performance of the contract, the language utilized to set forth the contingency is clear and unambiguous and bound defendant to perform only if the subject mortgage could be assumed at a 7½% annual interest rate. Such being the case, parol evidence may not be introduced to vary or contradict its terms or to establish any contrary custom and usage (*Mitchill v Lath*, 247 NY 377; *Salzman v Bowyer Prods.*, 42 AD2d 531; Richardson, Evidence [10th ed], § 619), and there being no other factual issue presented, defendant's motion for summary judgment should have been granted (*Andre v Pomeroy*, 35 NY2d 361). Order reversed, on the law, with costs, motion granted and complaint dismissed. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.