■ PAINE & CHRISCOTT, Respondent, v BLAIR HOUSE ASSOCIATES, et al., Appellants.—Order, Supreme Court, New York County, entered on February 2, 1979, granting plaintiff's motion for preliminary injunction unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion is denied, with one bill of costs and disbursements. Plaintiff and defendant entered into a lease pursuant to which plaintiff was to sell hardware and household accessories. The store is approximately 95 feet long

and 15 feet wide and was heated by steam at the time the lease took effect. Defendants, in order to reduce the heating bills, commenced construction of a $90,000 new heating system. Without plaintiff's permission, defendants entered plaintiff's store, cut holes in the ceiling and floors and ran pipes and conduits through the opening in order to put the new system into effect. Ninety per cent of the work has been completed, and only a few more hours of work are required to complete the new system. Plaintiff sought and was granted a restraining order which also directed that defendant restore the premises to its original condition. This court stayed enforcement of the latter provision (directing restoration of the premises) pending this appeal. The lease states: "Tenant shall permit landlord to erect, use, maintain pipes and conduits in and through the demised premises * * * and to make such decorations, repairs, alterations, improvements, or additions as the landlord may deem necessary or desirable, and the landlord shall be allowed to take all material into and upon said premises that may be required therefor". On a motion for a preliminary injunction the movant must prove the likelihood of his ultimate success on the merits; irreparable injury to him, absent granting of the injunction; and a balance of the equities in his favor *Albini v Solork Assoc.* (37 AD2d 835). Plaintiff has failed to meet its burden. The space used by the pipes and conduits occupies .5% of the total square footage of the leased premises. To the extent that the pipes and conduits might constitute a partial eviction, this can easily be compensated by money damages. Additionally, the lease permits the landlord to make such improvements or additions as the landlord may deem necessary or desirable. On this record we conclude that plaintiff has not sufficiently demonstrated a clear legal right to the ultimate relief sought, to warrant the granting of a preliminary injunction. *(De Candido v Young Stars,* 10 AD2d 922.) An early trial is available. Concur—Sandler, J. P., Bloom, Lane, Markewich and Ross, JJ.