■ JANET RIINA, Appellant, v MAX BITTERLICH et al., Respondents.—In an action for specific performance of a contract for the sale of real estate or, alternatively, damages for breach of contract, plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered June 22, 1984, as conditionally granted defendants' motion to cancel the lis pendens filed by plaintiff against the subject premises, and (2) so much of an order of the same court, entered November 13, 1984, as, upon reargument, dismissed, pursuant to CPLR 3212, plaintiff's cause of action for specific performance.

Order entered June 22, 1984 affirmed, insofar as appealed from.

Order entered November 13, 1984 modified, on the law, by adding a provision thereto that, upon searching the record, defendants are granted summary judgment dismissing the complaint in its entirety. As so modified, order affirmed, insofar as appealed from.

Defendants are awarded one bill of costs.

On March 1, 1984, defendants Max and Gerda Bitterlich entered into a contract for the sale of their home to plaintiff Janet Riina for the sum of $160,000. The contract, as prepared by plaintiff, permitted defendants to be released therefrom in the event they received and accepted another offer of at least $174,000. In fact, on May 7, 1984, defendants received a formal offer from a third party to purchase their home for the amount of $174,900 and duly returned plaintiff's down payment.

As the language of the contract is clear and unambiguous, the court is precluded from considering plaintiff's contention that the escape clause therein was intended by the parties to expire as of May 7, 1984, when defendants' exclusive right-to-sell agreement with their broker terminated *(see, West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535, 540; *Belden-Stark Brick Corp. v Bronson & Popoli,* 48 AD2d 845, 846, *appeal*

*dismissed* 38 NY2d 753). The closing date of June 11, 1984, being the only date referred to in the contract, must, therefore, act as the operable one for determining the rights and duties as between the parties.

Having properly concluded that plaintiff failed to state a cause of action for specific performance *(cf. Hoagland v Heissler,* 59 AD2d 802), the court acted correctly in dismissing that cause of action and in canceling the lis pendens filed against the subject premises.

Moreover, the record reveals nothing that would support the retention of plaintiff's cause of action for damages. Plaintiff's conclusory allegations leave to pure speculation what possible grounds she would have for damages absent a finding that the contract was breached. Thus, dismissal of the complaint in its entirety is required. Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.