■ MARGUERITE JOSSEL, Appellant, v MAURO FILICORI, Respondent. [652 NYS2d 12] —Order, Supreme Court, New York County (Louis York, J.), entered May 26, 1995, insofar as it denied, after nonjury trial, plaintiff's motion for a permanent injunction against defendant's use of a rooftop extension outside his second floor apartment as a "terrace", and ruled defendant entitled to statutory attorneys' fees, unanimously reversed, on the law and the facts, without costs, the order for attorneys' fees is vacated, the permanent injunction is granted, and the matter is remanded for a determination of damages, if any, on plaintiff's claims of trespass and negligence.

Defendant has been a residential tenant of the premises since 1978, and a business tenant for three years prior to that. Even though it is undisputed that the lease refers only to five interior rooms, and makes no mention of any exterior terrace, defendant has used the rooftop area for such purpose over the years, for social entertainment and horticultural pursuits, despite warnings from plaintiff to desist. In order to deter defendant from using the area, plaintiff sued for and obtained a preliminary injunction in 1987, citing the likelihood of irreparable harm to her own apartment below. Nevertheless, defendant continued to use the area in violation of the injunction, and even improved his apartment with a French door exiting onto the roof from his bedroom windowsill.

The trial court "reluctantly" overturned the 8-year-old preliminary injunction, holding that "the conduct of the parties shows that their intention from the outset of the lease until the time when plaintiff decided to revoke defendant's right to use the roof terrace, evinces their continued intention that the roof extension be used as a terrace. That being so, the roof-terrace became part of the lease." The record shows no such intention.

Aside from the preliminary injunction, defendant has received numerous warnings from plaintiff, since 1978, to desist from using the rooftop as a terrace, including several formal notices in writing. On no occasion did defendant dispute the fact that his use was impermissible. In acknowledging receipt of plaintiff's letter in September 1981, defendant wrote: "I have removed all items that were temporarily placed on the

roof—I haven't really ever used the roof as a terrace and walked on it just to water the plants that you allowed me to keep on the ledge [abutting an adjoining building]—Sorry to have caused any inconvenience, and for the future I will strictly abide to the lease agreement". These exchanges far outweigh any conduct on plaintiff's part allegedly condoning or consenting to the impermissible use, such as plaintiff's comment in 1984 admiring defendant's "green thumb", plaintiff's brief appearance at a rooftop party given by defendant in 1980, and correspondence in 1987 whereby defendant sought metal window guards so he wouldn't have to build a fence to prevent his young daughter from wandering out and falling off the roof.

The scope of this Court's review of a nonjury trial is as broad as that of the Trial Judge (*Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492), and permits us to substitute our own judgment where the evidence fails to support an important element of the trial court's findings (*Murphy v Vivian Realty Co.*, 199 AD2d 192, 193). We find no ambiguity in the lease, or in the conduct of the parties, which might allow an interpretation for permissible use of the roof extension area. Indeed, the lease contains a fully enforceable requirement that any modification or waiver of terms must be in writing (*see, Katz v 215 W. 91st St. Corp.*, 215 AD2d 265, 267), and the only related writings between these parties directly contradict any possible inference of permissible use. At best, defendant's use of the roof was by license (*Matter of Realty Trade Corp. v City Rent & Rehabilitation Admin.*, 52 Misc 2d 318; *see also, Ancess v Trebuhs Realty Co.*, 18 AD2d 118, *affd* 16 NY2d 1031), which is revocable at will (*American Jewish Theatre v Roundabout Theatre Co.*, 203 AD2d 155, 156).

In light of our decision, the award of attorneys' fees to defendant is vacated (Real Property Law § 234). Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.