■ REAL BIDDER, L. L. C., Appellant, v ST. LUKE's-ROOSEVELT HOSPITAL CENTER et al., Respondents. [678 NYS2d 630] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered September 26, 1997, in an action seeking, *inter alia*, a declaration that the Educational Broadcasting System (EBC) did not validly exercise its right of first refusal with respect to the purchase of a commercial condominium unit, dismissing the complaint pursuant to CPLR 3211 and canceling plaintiff's notice of pendency, and bringing up for review an order, same court and Justice, entered September 18, 1997, granting the motion of defendant EBC and the cross motion of defendant St. Luke's-Roosevelt Hospital Center for the relief awarded in the aforesaid judgment, unanimously modified, on the law, to declare that EBC's right of first refusal was validly exercised, and otherwise affirmed, with costs to each defendant. Appeal from order, same court and Justice, entered September 18, 1997, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

EBC's exercise of its right of first refusal to purchase the subject commercial condominium unit was timely, coming as it did within 30 days of EBC's final receipt of information it had requested from the seller, which information was relevant to EBC's decision as to whether to purchase the unit. Further, the condominium by-laws do not, as plaintiff urges, prohibit EBC from exercising its right of first refusal and then selling the purchased units to a third-party developer. Although in light of these conclusions we agree with Supreme Court that the action should be disposed of in defendants' favor, inasmuch as the complaint seeks a declaration as to the validity of EBC's exercise of its right of first refusal, it should not have been dismissed. The proper remedy when a declaration is sought is a declaration in favor of the prevailing party (*Cohen v Employers Reins. Corp.*,117 AD2d 435, 437). Accordingly, we modify to the extent of declaring in defendants' favor that the subject right of first refusal was in fact validly invoked by EBC. In view of this outcome it follows that plaintiff's notice of pendency was properly canceled (*see, Riina v Bitterlich*, 114 AD2d 1023, 1024). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.