■ ELIZABETH HAZLETT, Appellant, v MASSUD RAHBAR et al., Respondents. [812 NYS2d 61]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 13, 2005, which denied plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.

Even if plaintiff does have—as she alleges for the first time in her appellate brief—a wooden terrace overlooking the garden adjoining her ground-floor apartment, as opposed to simply access to the backyard garden, the court's denial of a preliminary injunction prohibiting defendant Massud Rahbar, the building owner, from creating a cellar door to the backyard would have been a provident exercise of discretion (*see Wellbilt Equip. Corp.*

*v Red Eye Grill*, 308 AD2d 411 [2003]; *Paine & Chriscott v Blair House Assoc.*, 70 AD2d 571 [1979]). There is nothing in the lease plaintiff produced that mentions any agreement involving use of the backyard, and the paragraph on which she relies, pertaining to terraces and balconies, is simply a provision in a standard form which discusses the rules and regulations for the use of such a structure if one exists (*cf. Washburn v 166 E. 96th St. Owners Corp.*, 166 AD2d 272 [1990]). Nor has plaintiff demonstrated that exclusive use of the backyard/garden/terrace was a required service that must be maintained as part of her rent-stabilized tenancy (*see* Administrative Code of City of NY § 26-517 [a] [6]). Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.