■ ROBERT PALMER, Respondent, v WSC RIVERSIDE DRIVE, LLC, et al., Appellants. [879 NYS2d 397]—

Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered July 30, 2008, dismissing this action seeking declaratory and other relief after nonjury trial, unanimously modified, on the law, to declare plaintiff has no leasehold possessory rights to the roof area, and otherwise affirmed, with costs in favor of defendants.

The scope of our review of a nonjury trial is as broad as that of the trial judge (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]), and permits us to substitute our own judgment where the evidence fails to support an important element of the trial court's findings (*Jossel v Filicori*, 235 AD2d 205, 206 [1997]). The trial court limited its declaration to stating that plaintiff was entitled to possession of the entire apartment under the current lease, and found an ambiguity as to whether this included the adjacent outdoor area, thus sidestepping the issue of rights thereto. This was due to a dearth of evidence that defendant WSC, the shareholder in the cooperative and holder of the proprietary lease appurtenant to the apartment, had any rights to the roof area.

There was no ambiguity in the lease, which controls the parties' rights and obligations. The lease referred only to the "Apartment," not the roof, except in a standard-form provision in the attached rules prohibiting tenants from drying their clothes there (*see Hazlett v Rahbar*, 27 AD3d 384 [2006]). Nothing in the admitted documents or the parties' conduct allows an interpretation permitting plaintiff to use the roof/terrace area (*see 1050 Fifth Ave. v May*, 247 AD2d 243 [1998]; *Jossel*, 235 AD2d at 206).

In an action for declaratory judgment, where a disposition on the merits is against granting certain relief, the court should make a declaration rather than simply dismissing that aspect of the complaint (*Hirsch v Lindor Realty Corp.*, 63 NY2d 878 [1984]; *see also Real Bidder v St. Luke's-Roosevelt Hosp. Ctr.*, 254 AD2d 123 [1998]). Accordingly, we declare that plaintiff has no possessory rights under the lease to the roof area.

We have considered the balance of plaintiff's argument and find it unavailing. Concur—Mazzarelli, J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ.